IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2003 DEC 22 P 3: 27

SIGN_____
BY DEPUTY CLERK

| | |
|---|---|
| MARIA BERNADETTE EVERETT a/k/a BERNADETTE CLAYTON<br>PLAINTIFF<br><br>VS.<br><br>NCO FINANCIAL SYSTEMS, INC.<br><br>DEFENDANT | CIVIL ACTION NO. _____<br>03CV1035-C-M1<br><br>COMPLAINT AND<br>DEMAND FOR A JURY TRIAL |

# COMPLAINT

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k, 28 U.S.C. §§ 1331 and 1337.

## III. PARTIES

3. Plaintiff, Maria Bernadette Everett, is a natural person who resides at 35742 Bend Road, Denham Springs, Louisiana 70706, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant, NCO Financial Systems, Inc. (hereinafter referred to as "NCO") is a foreign corporation authorized to do and doing business in the state of Louisiana, whose principal place of business in Louisiana is 3850 Causeway Blvd., Metairie, Louisiana 70002, and

BW, waiver

| INITIALS | DOCKET# |
|---|---|
| SH | 1 |

whose registered agent for service of process in the state of Louisiana is CT Corporation System, 8550 United Plaza Blvd., Baton Rouge, Louisiana 70809. NCO, at all times relevant hereto, regularly attempted to collect debts alleged to be due another and is a "debt collector" as defined under the FDCPA.

## IV. FACTUAL ALLEGATIONS

5. On or about November 30, 2002, defendant NCO mailed a letter to Ms. Everett demanding payment of a debt allegedly due Household Bank (Nevada), N.A. in the amount of $4217.62 by plaintiff, a copy of which is attached hereto and incorporated herein as "Exhibit A."

6. The alleged debt of $4217.62 was from a personal credit card of Ms. Everett's which was used primarily for personal, family or household purposes.

7. Exhibit A contained a settlement offer of $2108.81 if paid within thirty days from the date of Exhibit A.

8. Ms. Everett had a telephone conversation with an employee of NCO on December 20, 2002 in which she agreed to send by overnight delivery a postdated check for $2108.81 to settle this account.

9. This postdated check was sent by overnight delivery and was dated December 30, 2002.

10. NCO received this check and deposited it into its account on December 23, 2002, seven days earlier than agreed.

11. Ms. Everett learned of this and contacted NCO about having the funds returned to her account.

12. NCO refused and failed to redeposit these funds.

13. Ms. Everett's husband was traveling as a truck driver at the time NCO had these funds taken out of his and Mrs. Everett's account.

14. Mr. Everett relies upon the funds in this account to pay for the cost of operating his truck, including fuel.

15. Mr. Everett was unable to access any funds out of this account because NCO ran this check through too early.

16. NCO never mailed notice to Mrs. Everett that it would run through the $2108.81 check as required by section 1692f(2) of the FDCPA.

17. Mr. Everett was stranded in Arizona because he was unable to access any funds.

18. Mrs. Everett had to take out a personal loan from a finance company to pay her bills since the funds were not available.

19. Mrs. Everett wired money to her husband so he could return back to Louisiana.

20. This caused an immense amount of strain between Mr. and Mrs. Everett and she lost sleep for two weeks over this incident.

### DEFENDANT'S PRACTICES

21. Defendant NCO violated numerous provisions of the FDCPA including but not limited to sections 1692e and 1692f.

22. Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, emotional distress, for which she should be compensated in an amount to be proven at trial.

WHEREFORE, plaintiff respectfully requests that the Court grant the following relief in her favor and against Defendant NCO Financial Systems, Inc.:

   a.   Additional damages;

   b.   Actual damages;

   c.   Attorney fees, litigation expenses and costs; and

   d.   Such other and further relief as is appropriate.

A JURY TRIAL IS DEMANDED.

BY ATTORNEY:

*[signature]*

Garth J. Ridge
Bar Roll Number 20589
200 Lafayette Street, Suite 608
Baton Rouge, Louisiana 70801
(225) 343-0700
(225) 343-7700-fax

4

**EXHIBIT A**

NCO FINANCIAL SYSTEMS INC

PO BOX 41417
DEPT 99
PHILADELPHIA PA 19101

800-933-6736
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Nov 30, 2002

CREDITOR: NCO/ASSIGNEE OF HOUSEHOLD CAR
ACCOUNT #: 4788280700015074
REGARDING: HOUSEHOLD BANK (NEVADA), N.A
BALANCE PAST DUE: $ 4217.62

495RAA
BERNADETTE CLAYTON
35742 BIND RD
PENHAM SPRIS, LA 70706

\*\*\* SETTLEMENT OFFER \*\*\*

We have been authorized by the above referenced client to accept $2108.81 as a lump sum of the above amount so long as payment is received within 30 days of the date of this letter.

Make your check or money order payable to our client and forward to the address listed below.

If you have any further questions or need assistance, please contact us at 800-933-6736.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)