FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2004 MAR -8 A 11: 23

SIGN
BY DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARIA BERNADETTE EVERETT a/k/a<br>BERNADETTE CLAYTON<br>　　PLAINTIFF, | *<br>*<br>* | CIVIL ACTION NO. 03-CV 1035-C-M |
| VS. | * | |
| NCO FINANCIAL SYSTEMS, INC. | * | |
| 　　DEFENDANT | * | |

## ANSWER

COMES NOW, Defendant, NCO Financial Systems, Inc. ("NCO"), by and through the undersigned counsel and files this Answer and Affirmative Defenses to the Complaint and states:

### INTRODUCTION

1. NCO admits plaintiffs purport to bring a claim pursuant to the FDCPA as alleged in paragraph 1, but denies any liability or wrongful act.



- 1 -

## JURISDICTION

2. NCO admits the allegations contained in paragraph 2 for jurisdictional purposes only.

## ALLEGATIONS AS TO PARTIES

3. NCO denies the allegations contained in paragraph 3 for lack of sufficient information and/or knowledge.

4. NCO admits it is a Pennsylvania Corporation doing business in Louisiana, but denies that its principal place of business is within Louisiana, as alleged in paragraph 4. NCO generally admits that when it acts as a debt collector as defined by 15 U.S.C. 1692a(6), its debt collection efforts may be subject to the provisions of the FDCPA. Except as specifically admitted, the allegations of paragraph 4 are denied.

## FACTUAL ALLEGATIONS

5. NCO admits that its records reflect the mailing of a letter on November 30, 2002, of the type attached as Exhibit A to Plaintiff's Complaint, said document being the best evidence of its contents. Except as specifically admitted, the allegations of paragraph 5 are denied.

6. NCO denies the allegations contained in paragraph 6 for lack of sufficient information and/or knowledge.

7. NCO submits that the document attached as Exhibit A is the best evidence of its contents. Except as specifically admitted, the allegations of paragraph 7 are denied.

8. NCO admits its account records indicate a phone conversation with plaintiff on December 20, 2002. Except as specifically admitted, the allegations of paragraph 8 are denied.

9. NCO admits its account records of December 23, 2002, indicate receipt of a post dated check via overnight delivery. Except as specifically admitted, the allegations of paragraph 9 are denied for lack of sufficient information and/or knowledge.

10. NCO admits its account records indicate a payment of $ 2,139.91 was credited to the account on December 23, 2002. Except as specifically admitted, the allegations of paragraph 10 are denied for lack of sufficient information and/or knowledge.

11. NCO denies the allegations of paragraph 11 for lack of sufficient information and/or knowledge.

12. NCO admits that its records do not reflect a redeposit. Except as specifically admitted, the allegations of paragraph 12 are denied for lack of sufficient information and/or knowledge.

13. NCO denies the allegations of paragraph 13 for lack of sufficient information and/or knowledge.

14. NCO denies the allegations of paragraph 14 for lack of sufficient information and/or knowledge.

15. NCO specifically denies any alleged wrongful act and generally denies the allegations of paragraph 15 for lack of sufficient information and/or knowledge.

16. NCO denies the allegations of paragraph 16.

17. NCO denies the allegations of paragraph 17 for lack of sufficient information and/or knowledge.

18. NCO denies the allegations of paragraph 18 for lack of sufficient information and/or knowledge.

19. NCO denies the allegations of paragraph 19 for lack of sufficient information and/or knowledge.

20. NCO denies the allegations of paragraph 20.

## DEFENDANT'S PRACTICES

21. NCO denies the allegations of paragraph 21.

22. NCO denies the allegations of paragraph 22.

## AFFIRMATIVE DEFENSES

1. Assuming for purposes of this Affirmative Defense only that plaintiff has suffered any damages, plaintiff's injuries were caused, in which whole or in part, by plaintiff's own negligence and/or fault, or the negligence and/or fault of third parties for whom NCO is not responsible or liable, and any damages found in favor of plaintiff should be reduced or allocated accordingly.

2. Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3. Plaintiff has failed to mitigate damages, said damages being denied.

4. Plaintiff's claims are time-barred.

WHEREFORE, answering defendant hereby requests this Honorable Court dismiss Plaintiffs' Complaint and award costs and fees in favor of NCO and further prays for all general and equitable relief to which it may be entitled.

|  |  |
|---|---|
| CERTIFICATE OF SERVICE | Respectfully Submitted |
| I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record ___ by hand; _X_ by fax; ___ by FedEx; _X_ by placing a copy of same in the U.S.Mail, postage prepaid this _5th_ day of _March_, 2004.<br><br>_/s/ Raul V. Esquivel_<br>Raul V. Esquivel, III | David Israel, T.A. (La. Bar No. 7174)<br>Raul V. Esquivel III (La. Bar. No. 27452)<br>SESSIONS, FISHMAN & NATHAN, L.L.P.<br>201 St. Charles Avenue, 35th Floor<br>New Orleans, Louisiana 70170-3500<br>Telephone: (504) 582-1500<br>Facsimile: (504) 582-1523<br><br>BY: _/s/ Raul V. Esquivel_<br>Raul V. Esquivel III<br>Attorneys for Defendant,<br>NCO Financial Systems, Inc. |